Jones, Chief Judge,
delivered the opinion of the court:
The ultimate question in this case is whether the award of only 8 percent profit in the negotiated price of spare parts for air conditioners furnished to the defendant was so low as to justify a holding that the decision of the Armed Services *693 Board of Contract Appeals was arbitrary, grossly erroneous, and unconstitutional.
The issue arises in this way. In the year 1956 plaintiff entered into a contract with the defendant to furnish some 40 trailer-mounted air conditioners at a unit price of $7,074 each. The unit price has been paid. The contract also provided for the furnishing of spare parts which were to be listed separately, with certain limitations on the amount to be allowed for the spare parts to be furnished and for packing, preservation, and packaging.
The plaintiff submitted a claim for $72,893 for the cost of meeting the spare parts obligation. The contracting officer decided that the amount to be paid to the plaintiff for meeting the obligation should be $39,338. The plaintiff was notified of its right to appeal to the Armed Services Board of Contract Appeals, which it did. The Armed Services Board of Contract Appeals, after a hearing and thorough consideration, decided that plaintiff should be allowed an additional $18,992.94, which included a profit at the rate of 8 percent of the total cost of the spare parts. The defendant has paid the $18,992.94.
From the pleadings it appears that all of the obligations of the contract have been settled in a satisfactory manner except the issue as to whether the defendant was justified in limiting the profits on the spare parts to 8 percent which plaintiff asserts is wholly confiscatory and therefore unconstitutional. The net amount which it claims is $2,431.68. This is the difference between the profit of 8 percent and 12.5 percent on the spare parts, which latter plaintiff alleges is the minimum profit that can be classed as reasonable in the circumstances of this case.
Two defenses are presented, the first being that plaintiff assigned the claim to the Small Business Administration and it therefore has no such interest as would enable it to maintain a suit in this court.
It is admitted by plaintiff that an assignment was made but it asserts that the assignment was for the purpose of securing a loan. It is manifest from the pleadings and documents that have been filed that this was the purpose of the *694 assignment. This is permitted under 41 U.S.C. § 15 (1958 Ed.). The $18,992.94 has been applied on the loan which the Small Business Administration had made to the plaintiff. The plaintiff therefore is entitled to sue for any additional amount that may be due, provided that any recovery shall be applied first, in part or in full as needed, to the payment of any balance that may be due or owing on plaintiff’s obligation to the Small Business Administration.
The second defense is that, pursuant to the disputes clause of the contract, the plaintiff appealed to the Secretary of the Air Force the decision of the contracting officer relating to the price for spare parts as required by the contract; that the appeal was decided by the Armed Services Board of Contract Appeals, to which it was referred; that the Board allowed the plaintiff the additional items claimed, except that it allowed a profit of 8 percent which it found to be fair and reasonable, and that this being a factual matter the decision, which was approved by the Secretary, became a final determination of the disputed question.
The Board of Contract Appeals went into the issue thoroughly and heard a number of witnesses offered by both plaintiff and defendant. The plaintiff insisted that at least 12.5 percent profit was necessary in order to enable a small business concern to finance its operations and that holding its profits to 8 percent on the spare part items was so arbitrary as to become confiscatory.
The defendant offered witnesses who testified that 8 percent for the additional items as spare parts of the type of material used here was both fair and reasonable. They indicated that if perishable commodities were involved a larger profit might be essential in order to cover possible spoilage, but that no such question was involved here.
The Board of Contract Appeals went into all the issues and after hearing the evidence wrote a well-reasoned opinion which thoroughly discusses the issues involved. The Board discussed in its opinion the cost of the spare parts, the cost of packaging, the cost of labor and other items. It allowed these items and included a profit of 8 percent, which it found *695 to be reasonable. The issues were again considered in a motion for rehearing.
The plaintiff in the allegations of arbitrary action does not set out the detailed reasons for claiming that the Board’s action was arbitrary,[1] with the exception that it is asserted that the allowance of a profit limited to 8 percent was so arbitrary as to be confiscatory, the basis being that the rate of profits on the individual repair items was so small as to make it impossible for a comparatively small concern to finance its operation.
The Board of Contract Appeals heard 200 pages of testimony, examined numerous documents and other matters submitted for consideration. A complete documentary transcript of these matters has been submitted for our consideration. In addition, some affidavits have been filed by both the plaintiff and defendant. The case has had full consideration. We can see no good reason why the parties should be put to further time and expense in hearing additional evidence in this case. After going into the entire record, we can find no reasonable basis for holding — when all of the other items and issues of a contract are satisfactorily settled— that allowing a profit of only 8 percent on individual items in the furnishing of spare parts is so arbitrary as to be confiscatory and therefore unconstitutional.
This is nor a case of a public utility in which the Government fixes the rates. The Government in contract cases does not normally guarantee a profit and in some cases contractors sustain losses. The record before us is sufficiently complete for us to make a final determination.
The plaintiff is not entitled to recover, defendant’s motion for summary judgment is granted and the petition is dismissed.
It is so ordered.
Davis, Judge; Dtjeeee, Judge; Laramore, Judge; and Whitaker, Judge, concur.

 Tolentine and Littleton v. United States, 136 Ct. Cl. 638 (1966) ; P.L.S. Coat & Suit Corp. v. United States, 148 Ct. Cl. 296 (1960) ; T. C. Bateson Construction Co. v. United States, 149 Ct. Cl. 514 (1960).